UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA J. RYAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MILDRED SPIRO, et al.,<br><br>        Defendants. | No. 2:25-cv-01245-DAD-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted a declaration averring that she is unable to pay the costs of this proceeding. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

1

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff's complaint lists four defendants:1) Mildred Spiro of the Food Coalition; 2) Chelsea Jensen, a foster parent; 3) Robert Ryan, a securities exchange lawyer; and 4) Bonnie Baker, a social worker. ECF No. 1 at 2 & 6. Plaintiff appears to assert federal question jurisdiction based on the Child Abuse Prevention and Treatment Act (CAPTA) of 1978 and the Adoption Assistance and Child Welfare Act (AACW) of 1980. ECF No. 1 at 3.

Plaintiff alleges that from the age of 4 to age 18 she was a "ward of the state of California" and was in foster care. She alleges that Mildred Spiro was her foster parent from 1989 to 1996, and that Chelsea Jensen was a foster parent in 1999. ECF No. 1 at 4. Plaintiff alleges that she was physically, mentally, and verbally abused by Spiro. *Id.* at 7. Plaintiff claims that she and Defendant Jensen made an agreement to lie to the social worker about where Plaintiff was living so Jensen could keep money from the state while Plaintiff was living with another individual. *Id.* at 9. Plaintiff claims that Defendant Baker made "manipulative and false" reports to the judge between 1996 and 1998. *Id.* at 11. Plaintiff alleges that Defendant Ryan is a liar and con artist and does drugs. *Id.* at 12. Plaintiff also alleges she has never even met Ryan. *Id.*

Plaintiff pleads that she is aware she must file this lawsuit before she turns age 41, and that she turned 41 in January 2025. *Id*. at 13. This lawsuit was not filed until April 30, 2025. Plaintiff attaches to her complaint a few pages of what appears to be portions of a California state court opinion from 1996. ECF No. 1 at 15-18.

C. Analysis

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. There is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

3

1  Civ. P. 8(a)(2).  There is no clear statement of the asserted legal claims or causes of action.
2  Plaintiff appears to seek monetary relief, as she states the amount in controversy is 6.6 million
3  dollars and the relief requested section states: "I am seeking assistance and enforcement of
4  retrieving this monetary award."  ECF No. 1 at 5.  Plaintiff asserts jurisdiction based on two
5  federal statutes, but it is not clear that either confers jurisdiction.  "The Federal Child Abuse
6  Prevention and Treatment Act authorizes the Secretary of HHS to execute and coordinate
7  activities of national significance related to child abuse prevention and treatment.  Nowhere does
8  the act provide for federal civil remedies by private individuals for alleged child abuse." *Taleff v.*
9  *Taleff*, 2018 WL 6418541, *1 (S.D. Cal. Dec. 6, 2018).  Some rights under the AACW are
10 privately enforceable under 42 U.S.C. § 1983.  *See Henry A. v. Willden*, 678 F.3d 991 (9th Cir.
11 2012).  However, it is unclear from the complaint what claims Plaintiff is attempting to assert.
12      Plaintiff's complaint nowhere mentions 42 U.S.C. § 1983.  "[Section] 1983 'is not itself a
13 source of substantive rights,' but merely provides 'a method for vindicating federal rights
14 elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).  A plaintiff alleging a
15 claim under § 1983 must plead that (1) the defendants acting under color of state law (2) deprived
16 plaintiffs of rights secured by the Constitution or federal statutes.  *Benavidez v. County of San*
17 *Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).
18      If Plaintiff is attempting to enforce alleged rights under other statutes by way of 42 U.S.C.
19 § 1983, there are two significant hurdles to such recovery.  The first is the statute of limitations.
20 "Section 1983 does not contain its own statute of limitations." *Flynt v. Shimazu*, 940 F.3d 457,
21 461 (9th Cir. 2019) (citation and internal quotation marks omitted).  Because § 1983 contains no
22 specific statute of limitations, federal courts borrow state statutes of limitations for personal
23 injury actions in § 1983 suits.  *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits
24 must be brought within a State's statute of limitations for personal-injury actions.").  In California
25 that period of limitations is two years.  *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th
26 Cir. 2024).  Plaintiff primarily complains of actions occurring between 1996 and 2000, nearly 25
27 years prior to her filing suit.
28      Plaintiff makes reference to a belief that she has until age 41 to bring this suit, but does

4

not cite a statute. It may be that Plaintiff is referring to California Assembly Bill 218. In 2019, California Assembly Bill 218 "amended the California Code of Civil Procedure to allow for victims of 'childhood sexual abuse' to file civil claims related to the abuse at any time up until the age of 40." *E.M. v. Varsity Brands, LLC*, 2024 WL 2808183, *3 (C.D. Cal. May 31, 2024). This California statute does not extend the time for Plaintiff to bring an action under § 1983. *See Bonneau v. Centennial School Dist.*, 666 F.3d 577, 579-80 (9th Cir. 2012) (Oregon's two-year personal injury statute of limitations applied to § 1983 claim rather than specialized child-abuse statute which allowed actions to be commenced before a person attains age of 40); *Franco v. Mesa Police Dep't*, 2022 WL 3136949, *1 (9th Cir. 2022) (Arizona state statute allowing survivors of child sexual abuse until age 30 to file state tort claims, does not apply to federal claims). Even if California's statute did apply, Plaintiff concedes that she waited until age 41 to file suit.

Second, a claim under section 1983 requires that a defendant was acting under color of state law. Defendant Ryan is not alleged to be a state actor, but rather is alleged to be a lawyer and Plaintiff's father. Defendants Spiro and Jensen were alleged to have served as foster parents. "Merely serving as a foster parent does not transform a private party into a state actor." *Ismail v. County of Orange*, 693 F.App'x 507, 512 (9th Cir. 2017) (relying on cases from the Third, Fourth, Eighth, and Eleventh Circuits). The fourth defendant, Baker, is alleged to be a social worker and is likely a state actor. However, Baker may be entitled to some measure of immunity, particularly as Plaintiff complains of reports that Baker made to a judicial officer. "[S]ocial workers have absolute immunity when they make 'discretionary, quasi-prosecutorial decisions to institute dependency proceedings to take custody away from parents.'" *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc). However, for other tasks, social workers have only qualified immunity. *See Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003) (en banc).

The Court concludes that Plaintiff fails to state a claim. It is not clear what legal claims or causes of action she seeks to assert. It also appears that given the actions complained of occurred approximately 25 years ago, that the action is time-barred. However, given the lack of clarity in

the alleged claims, it is not absolutely clear that leave to amend would be futile. Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to attempt to cure these defects.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of <u>each</u> named defendant rather than making conclusory allegations that the defendants collectively violated plaintiff's rights.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

6

1  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an
2  original complaint, each claim and the involvement of each defendant must be sufficiently
3  alleged.
4      Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff should
5  clearly identify what claims/causes of action she seeks to bring and set forth the facts supporting
6  each claim.  Plaintiff should also plead any facts in support of an argument that her claims are
7  timely or that the statute of limitations can be tolled. !

## III.  CONCLUSION

    Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

    SO ORDERED.

DATED: June 20, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE