UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA J. RYAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MILDRED SPIRO, et al.,<br><br>    Defendants. | No. 2:25-cv-01245-DAD-SCR<br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court previously granted Plaintiff leave to proceed in forma pauperis ("IFP") and screened the complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 3. Now before the Court is Plaintiff's first amended complaint (FAC). The Court finds Plaintiff's FAC to be legally deficient and will allow Plaintiff a final opportunity to amend.

I.  SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short

1

and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

The Court previously screened Plaintiff's original complaint. ECF No. 3. Plaintiff's complaint listed four defendants:1) Mildred Spiro of the Food Coalition; 2) Chelsea Jensen, a foster parent; 3) Robert Ryan, a securities exchange lawyer; and 4) Bonnie Baker, a social worker. ECF No. 1 at 2 & 6. Plaintiff appeared to assert federal question jurisdiction based on the Child Abuse Prevention and Treatment Act (CAPTA) of 1978 and the Adoption Assistance and Child Welfare Act (AACW) of 1980. ECF No. 1 at 3.

Plaintiff alleged that from the age of 4 to age 18 she was a "ward of the state of California" and was in foster care. She alleged that Mildred Spiro was her foster parent from 1989 to 1996, and that Chelsea Jensen was a foster parent in 1999. ECF No. 1 at 4. Plaintiff alleged that she was physically, mentally, and verbally abused by Spiro. *Id.* at 7. Plaintiff claimed that she and Defendant Jensen made an agreement to lie to the social worker about where Plaintiff was living so Jensen could keep money from the state while Plaintiff was living with another individual. *Id.* at 9. Plaintiff further claimed that Defendant Baker made "manipulative and false" reports to the judge between 1996 and 1998. *Id.* at 11. Plaintiff alleged that Defendant Ryan is a liar and con artist and does drugs. *Id.* at 12. Plaintiff also alleged she has never met Ryan. *Id.*

Plaintiff alleged that she is aware she must file this lawsuit before she turns age 41, and that she turned 41 in January 2025. *Id*. at 13. This lawsuit was not filed until April 30, 2025. Plaintiff attached to her complaint a few pages of what appears to be portions of a California state court opinion from 1996. ECF No. 1 at 15-18.

C. The Court's Screening Order

In screening the original complaint, the Court found that it failed to comply with Federal Rule of Civil Procedure 8. There was not a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There was no clear statement of the asserted legal claims or causes of action. ECF No. 3 at 3-4. The Court also pointed out that most of the claims appeared to involve incidents between 1996 and 2000, and thus the action was likely time-barred. *Id.* at 4. The Order further stated that if Plaintiff was attempting to assert a claim

3

under § 1983, three of the four Defendants were not state actors. ECF No. 3 at 5. Plaintiff was directed that any amended complaint must address the deficiencies set forth in the screening order. Plaintiff was told to "clearly identify what claims/causes of action she seeks to bring and set forth the facts supporting each claim." *Id*. at 7. Further Plaintiff was told that any amended pleading should contain "any facts in support of an argument that her claims are timely or that the statute of limitations can be tolled." *Id*.

   C.  The First Amended Complaint

  Plaintiff timely filed a FAC, captioned as her "Final Amended Petition." ECF No. 4. The FAC seeks to have this Court, "Compel lower courts to hear her constitutional claims." *Id*. at 1. She requests a writ "halting the continued dismissal of cases implicating serious constitutional violations." *Id*. at 2. Plaintiff asserts that the Court has federal question jurisdiction over her Due Process claim brought pursuant to § 1983. *Id*. at 3. Plaintiff alleges she was subjected to abuse in the foster care system "particularly during her placement with Mildred Spiro between 1989 and 1996." *Id*. Plaintiff alleges that social worker Bonnie Booker—whose last name was identified as Baker in the initial complaint— "submitted false and manipulative reports" between 1996 and 1998. *Id*. at 4.

  In asserting her "claims for relief," Plaintiff lists as Count I "Violation of Fourteenth Amendment—Due Process." *Id.* at 5. Here Plaintiff appears to make entirely new allegations that were not contained in her original complaint: "Defendants failed to provide Plaintiff with fair procedures before placing her in the Child Abuse Central Index (CACI) or similar databases." *Id.* Plaintiff also states she was "denied meaningful hearings or advocacy when her child was removed and adopted for failure to complete a parenting class." *Id.* Count II alleges violation of equal protection and makes the conclusory assertion that Plaintiff was treated differently than those similarly situated in "retaining parental rights." *Id.* Count III is based on § 1983, but does not allege what constitutional or federal statutory right was allegedly violated. It states that Defendants "engaged in a pattern of retaliation, manipulation, and sabotage against Plaintiff." *Id.* Count IV alleges negligence and states that Defendants did not conduct proper welfare checks to protect Plaintiff. *Id*. at 6. Count V alleges fraud in which Plaintiff claims she "has reason to

believe that her identity was misrepresented or manipulated in legal documents and proceedings." *Id.* at 6. Finally, in Count VI, Plaintiff alleges RICO violations, 18 U.S.C. §§ 1961-1968. Plaintiff contends there were coordinated actions by professionals within government systems to sabotage her reputation, seize assets, and obstruct justice. Plaintiff seeks monetary, declaratory, and injunctive relief. *Id.* at 6-7.

D.  Analysis

Large portions of Plaintiff's FAC are similar to the original complaint and concern allegations of abuse in foster care that allegedly occurred over 25 years ago. These § 1983 claims concerning incidents over 25 years ago would be time barred. Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."). In California that period of limitations is two years. *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).

Plaintiff however may also be attempting to raise entirely different claims concerning different conduct and a different time period, as she makes reference to her child being removed and retention of parental rights. *See* ECF No. 4 at 5. There is a constitutional right to familial association. *See David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022) ("The interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by the Supreme Court.") (cleaned up). "For parents, the right to familial association is generally grounded in the Fourteenth Amendment's Due Process Clause." *Id.* Plaintiff has not alleged facts showing a basis for her due process or equal protection claims.

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. There is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's § 1983 claims based on being in the foster care system in the late-1990s are barred by the statute of limitations. As to her allegations concerning apparent termination of parental rights, those allegations are conclusory and Plaintiff does not assert sufficient factual matter to state a claim.

The Court will not delve into Plaintiff's state law claims for negligence and fraud because if Plaintiff does not state a federal claim, the court would decline supplemental jurisdiction. Additionally, the allegations are largely conclusory and claims of fraud must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). Rule 9(b)'s particularity requirement applies to state law causes of action. *See Vess v. Ciba-Geigy Corp.*, 307 F.3d 1097, 1103 (9th Cir. 2003). In order to meet the heightened pleading standard, "a party must state the particularity of the circumstances constituting fraud," meaning that the "pleading must identify the who, what, when, where, and how of the misconduct charged." *United States ex rel. Cafasso v. Gen. Dynamics*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations and quotation omitted).

Plaintiff's Count VI concerning RICO falls far short of the pleading requirements for a RICO claim. To state a claim under RICO, a plaintiff "must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007). "Racketeering activity is an act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud, and obstruction of justice." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). A "pattern" requires at least two acts of racketeering activity within ten years of one another. *Id.*, citing 18 U.S.C. § 1961(5). A plaintiff must also allege that the predicates are related and "that they amount to or pose a threat of continued criminal activity." *Id.* Plaintiff's allegations are conclusory and fail to state a claim under RICO.

Moreover, to the extent Plaintiff seeks to have this Court order state courts to adjudicate other cases, the Court lacks such authority. Common law writs of mandamus have been "abolished" in federal district courts. Fed. R. Civ. P. 81(b). And to the extent Plaintiff is seeking to sue the California Department of Social Services, as a state agency it enjoys sovereign immunity under the Eleventh Amendment to the U.S. constitution.

The Court has considered whether further leave to amend would be futile. Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Rather than recommending

dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to attempt to cure these defects.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must meet the pleading requirements of Rule 8.  It must contain a short and plain statement of Plaintiff's claims and sufficient factual matter to state a claim to relief that is plausible on its face.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants collectively violated plaintiff's rights.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff should clearly identify what claims/causes of action she seeks to bring and set forth the facts supporting each claim. Plaintiff should not reassert claims concerning foster care in the 1990s unless she can plead facts in support of an argument that her claims are timely or that the statute of limitations can be tolled. If Plaintiff wants to proceed on claims concerning due process and child custody or termination of parental rights, she must plead sufficient facts to support such a claim.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff **shall have 30 days from the date of this order** to file a **second** amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

2. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: November 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE