UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATASHA RYAN,

Plaintiff,

v.

MILDRED SPIRO, et al.,

Defendants.

No.  2:25-cv-01245-DAD-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se and accordingly this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is Plaintiff's Second Amended Complaint ("SAC") (ECF No. 6).  The Court has screened the SAC pursuant to 28 U.S.C. § 1915(e) and recommends the action be dismissed for failure to state a claim and without further leave to amend.

**I.      Background and Procedural History**

Plaintiff filed this action on April 30, 2025, and brought claims concerning her time in foster care in the 1990s.  She alleged she was physically, mentally, and verbally abused by Defendant Spiro.  ECF No. 1 at 7.  Plaintiff alleged she was 41 years old when she filed this action.  *Id.* at 13.  The Court granted Plaintiff's motion to proceed in forma pauperis and screened

1

the complaint pursuant to 28 U.S.C. § 1915(e)(2).  ECF No. 3.  The Court found the complaint failed to state a claim and advised Plaintiff that it appeared to be barred by the statute of limitations.  ECF No. 3 at 4-6.

The Court allowed leave to amend and told Plaintiff that if she chose to amend, she must address the issues set forth in the screening order.  *Id.* at 7.  Plaintiff filed a first amended complaint (FAC) (ECF No. 4) which the Court screened.  Large portions of the FAC were similar to the original complaint and contained allegations of child abuse in foster care more than 25 years ago.   Portions of the FAC were difficult to discern, and appeared to make entirely new claims about a child being taken from her and being placed on the Child Abuse Central Index (CACI).  ECF No. 4 at 5.  Because it appeared that Plaintiff may be raising new claims about termination of parental rights, the Court again allowed leave to amend.  The Court's order allowed Plaintiff 30 days from the date of the order to file a second amended complaint that addressed the pleading deficiencies set forth in the screening order.  ECF No. 5 at 8.  Plaintiff's SAC was due by December 10, 2025.

On December 22, 2025, Plaintiff filed her SAC and therein states that an undescribed issue with the Turlock Postal service caused her to miss the deadline.  The Court will accept the late filing and screen the SAC pursuant to 28 U.S.C. § 1915(e)(2).

**II.    Analysis**

Plaintiff's SAC does not cure the deficiencies set forth in the prior screening order.  The SAC does not comply with Rule 8 or Rule 10 concerning form of pleadings.  The SAC is in a narrative format and does not contain a short and plain statement of the grounds for the court's jurisdiction, or a short and plain statement showing that the pleader is entitled to relief, or clear request for relief.  Fed. R. Civ. P. 8(a)(1)-(3).  Plaintiff again states that her case concerns alleged abuse in the time frame of 1989 to 2001.  ECF No. 6 at 1.[1]  The SAC does not clearly delineate the claims for relief, Plaintiff mentions at one point that her claim against Defendant Spiro is for

---

[1] Plaintiff's SAC fails to contain numbered paragraphs as required by Federal Rule of Civil Procedure 10(b), and thus the Court provides citation to the page number.

2

"intentional tort, malice, and public corruption." *Id*. at 2.  A state law based intentional tort claim would not provide a basis for federal subject matter jurisdiction.  Although Plaintiff's FAC brought claims under 42 U.S.C. § 1983, her SAC no longer refers to § 1983.

The Court recommends the action be dismissed for the reasons stated herein and in its prior screening orders.  ECF Nos. 3 & 5.  In short, the SAC fails to comply with Rule 8, fails to state a claim, and appears to be time barred.

### III.    Leave to Amend

The Court has considered Plaintiff's pro se status and whether she should be granted leave to amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").  The Court has already allowed Plaintiff an opportunity to amend and finds that further leave to amend would be futile.  Plaintiff has not complied with the Court's prior screening orders, and the SAC is less compliant with Rules 8 and 10 than the FAC.  The Court recommends denying further leave to amend.  *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

### IV.    Conclusion

**IT IS HEREBY RECOMMENDED that**:

1.  Plaintiff's Second Amended Complaint and this action be dismissed without further leave to amend; and

2.  The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

3

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 4, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE